UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

TREDELL FEASTER,

                          Plaintiff,                      **AMENDED COMPLAINT**

vs.

                                            **JURY TRIAL DEMANDED**

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
SERGEANT TIMOTHY LEWALSKI,
SERGEANT JAMES K. JOHNSON,                  17-CV-1151V(F)
LIEUTENANT JEFFREY KEENAN,
                        Defendants.
_____

        Plaintiff, TREDELL FEASTER, by and through his attorneys, VanDette Penberthy LLP, as

and for his Amended Complaint in the action against Defendants NEW YORK STATE

DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, SERGEANT

TIMOTHY LEWALSKI, SERGEANT JAMES K. JOHNSON, and LIEUTENANT JEFFREY

KEENAN hereby alleges as follows:

## NATURE OF THE ACTION

1.      This an action for compensatory and punitive damages, where applicable, to redress

Defendants' unlawful violations of Plaintiff, TREDELL FEASTER's constitutional rights.

2.      Over the course of approximately eleven years, Plaintiff, TREDELL FEASTER

worked for the New York State Department of Corrections and Community Supervision

("DOCCS") as a corrections officer. By multiple accounts, his work performance was

satisfactory, most of his employment history was without incident, and he seemed to have a

promising future at DOCCS.

3.      All of this changed when Defendants SERGEANT TIMOTHY LEWALSKI

("Defendant LEWALSKI"), SERGEANT JAMES K. JOHNSON ("Defendant

JOHNSON"), and LIEUTENANT JEFFREY KEENAN ("Defendant KEENAN"), all of

whom were friends, decided to target Plaintiff, TREDELL FEASTER on account of his race and color, to selectively enforce rules, and pick on him in front of others, making racist remarks and insinuations to Plaintiff, TREDELL FEASTER and or in a manner calculated to be heard by him, thereby creating a hostile work environment.

4.     Defendants retaliated against Plaintiff, TREDELL FEASTER for his expressions of disapproval of Defendants' treatment of him, of African American inmates, and for Plaintiff, TREDELL FEASTER's internal complaint against Defendant LEWALSKI.

5.     Shortly after Plaintiff, TREDELL FEASTER complained against Defendant LEWALSKI, Plaintiff, TREDELL FEASTER was terminated from his employment.

## JURISDICTION AND VENUE

6.     This is a civil action seeking damages due to violations of Plaintiff's federal statutory rights under 42 U.S.C. §§ 1981 and 1983. The Court has federal jurisdiction over these causes of action pursuant to 28 U.S.C. § 1331.

7.     Venue in the United States District Court for the Western District Court is proper under 28 U.S.C. §1391 *et seq.* as a substantial part of the events took place within the District, and upon information and belief, some or all of the individual Defendants reside or resided within the District.

8.     Plaintiff filed a claim with the United States Equal Employment Opportunity Commission ("EEOC") in and around January 18, 2017, and the EEOC mailed a Dismissal and Notice of Rights on or about August 23, 2017, which followed a complaint and determination before the New York State Division of Human Rights (annexed hereto as Exhibit A).

## **PARTIES**

9.　　　　The Plaintiff, TREDELL FEASTER, was and still is a resident of the City of Buffalo, located within the County of Erie, State of New York, and within geographical jurisdiction of the Western District of New York.

10.　　　　At all times relevant in the Complaint, Plaintiff, TREDELL FEASTER, was a corrections officer employed by the State of New York and/or the New York State Department of Corrections and Community Supervision, working at the Wende Correctional Facility, located in the Town of Alden in the County of Erie, State of New York.

11.　　　　Plaintiff, TREDELL FEASTER, was and is an African-American male, and, as such, a member of a protected class under the Civil Rights statutes and Title VII of the Civil Rights Act of 1964 invoked in this Complaint.

12.　　　　At all times relevant to the Complaint, upon information and belief, Defendant SERGEANT TIMOTHY LEWALSKI was a Caucasian male and Sergeant employed by the State of New York and/or the New York State Department of Corrections and Community Supervision, working at the Wende Correctional Facility, located in the Town of Alden in the County of Erie, State of New York. Defendant, SERGEANT TIMOTHY LEWALSKI is sued in his individual and/or official capacity.

13.　　　　At all times relevant to the Complaint, upon information and belief, Defendant SERGEANT JAMES K. JOHNSON was a Caucasian male and Sergeant employed by the State of New York and/or the New York State Department of Corrections and Community Supervision, working at the Wende Correctional Facility, located in the Town of Alden in the

County of Erie, State of New York. Defendant JAMES K. JOHNSON is sued in his individual capacity and/or official capacity.

14.     At all times relevant to the Complaint, upon information and belief, Defendant LIEUTENANT JEFFREY KEENAN was a Caucasian male and Lieutenant employed by the State of New York and/or the New York State Department of Corrections and Community Supervision, working at the Wende Correctional Facility, located in the Town of Alden in the County of Erie, State of New York. Defendant LIEUTENANT KEENAN is sued in his individual capacity and/or official capacity.

15.     At all times relevant to the Complaint, upon information and belief, the New York State Department of Corrections and Community Supervision ("DOCCS") is a Department of the State of New York, responsible for the confinement of individuals in its custody, and an employer of more than fifteen (15) corrections officers at its facilities throughout the State of New York, including Wende Correctional Facility in Alden, New York.

## STATEMENT OF FACTS

16.     Plaintiff, TREDELL FEASTER was first hired by DOCCS and/or the State of New York in and around 2005, as a corrections officer.

17.     Plaintiff, TREDELL FEASTER began working as a corrections officer at the Wende Correctional Facility in Alden, New York in and around 2009.

18.     From 2005 until approximately December of 2016, Plaintiff, TREDELL FEASTER was employed as a corrections officer. Beginning in and around 2009, Plaintiff, TREDELL FEASTER worked at the Wende Correctional Facility until his termination in December of 2016.

19.     During the course of his employment, and prior to the subject interactions with Defendants LEWALSKI, JOHNSON, and KEENAN, Plaintiff, TREDELL FEASTER's performance evaluations had been rated as good, with one overall excellent rating.

20.     During 2015, Plaintiff, TREDELL FEASTER complained that Defendant JOHNSON had been harassing Plaintiff, TREDELL FEASTER. Following Plaintiff, TREDELL FEASTER's complaint, Defendant JOHNSON ceased harassing Plaintiff, TREDELL FEASTER.

21.     On or about August 15, 2015, Plaintiff, TREDELL FEASTER was placed on a two-year General Disciplinary Evaluation Period commencing from August 8, 2015, the date of the award, during said probationary period, the original penalty prayed for by the State of New York, dismissal from service, would be implemented without further appeal for any violation of DOCCS' rules or regulations that would otherwise initiate a Notice of Discipline. This arose from incidents both in and out of the Wende Correctional Facility.

22.     In August of 2015, in the context of an arbitration before the Public Employment Relations Board, a Deputy Superintendent for Security, Kevin Brown, testified that Plaintiff, TREDELL FEASTER had "always been respectful and I have noted no problems [with him] until now."

23.     On December 24, 2015, Plaintiff, TREDELL FEASTER entered into a Disciplinary Settlement Agreement on or about May 4, 2016, in which Plaintiff, TREDELL FEASTER would serve another two-year General Disciplinary Evaluation Period commencing August 15, 2017 through August 14, 2019, where any misconduct or incompetence would result in termination.

24.       While on probation, Plaintiff, TREDELL FEASTER was confronted with a hostile work environment during the course of his employment at Wende Correctional Facility by Defendants.

25.       Upon information and belief, in approximately 2015, while at Wende Correctional Facility, Defendants LEWALSKI, JOHNSON, and KEENAN had responded to an incident where a young African American male inmate had allegedly exposed his genitals to a nurse, whom complained and called for assistance. Plaintiff, TREDELL FEASTER observed Defendants LEWALSKI, JOHNSON, and KEENAN then beat and assault the inmate. Plaintiff, TREDELL FEASTER confronted Defendants LEWALSKI, JOHNSON, and KEENAN and other corrections officers afterwards, telling them that he disapproved of the beating administered to the inmate.

26.       In 2016 Plaintiff, TREDELL FEASTER requested a shift change, which caused him to work under the supervision of Defendant LEWALSKI. While working under Defendant LEWALSKI, Defendant LEWALSKI did repeatedly harass and bully Plaintiff, TREDELL FEASTER, including, in part, on account of his race.

27.       In approximately October 2016, on one occasion, Defendant LEWALSKI remarked to Plaintiff, TREDELL FEASTER, whom wore dreadlocks, that he could not tell if Plaintiff, TREDELL FEASTER was an inmate or an officer. Plaintiff understood this to be on account of his race, color, and appearance, including dreadlocks.

28.       On or about October 28, 2016, several corrections officers and Plaintiff, TREDELL FEASTER were joking with each other about not working. Defendant LEWALSKI singled out the Plaintiff, TREDELL FEASTER, one of only two African-American corrections officers present, and asked Plaintiff, TREDELL FEASTER "Why don't you learn how to

work?" and further asking and stating to Plaintiff, TREDELL FEASTER "Aren't you on

probation?" and "Well if you're not scared you ought to be, if I were you, I would be."

29.      In November 2016, following the Presidential Election, Defendants LEWALSKI and

JOHNSON remarked in the presence of Plaintiff, TREDELL FEASTER, while observing a

group of mostly African-American inmates, that if the voting population looked like the black

inmates, "we" would have lost.

30.      On another occasion, in the presence of other corrections officers at Wende,

Defendant LEWALSKI asked Plaintiff, TREDELL FEASTER "Do you know what Jim

Crow is?" Plaintiff, TREDELL FEASTER's coworkers overheard this and laughed.

31.      On another occasion, Plaintiff, TREDELL FEASTER was frisking an inmate, when

Defendant KEENAN said to Plaintiff, TREDELL FEASTER "he called your mother a black

bitch," and invited the Plaintiff, TREDELL FEASTER to beat up or assault the inmate.

32.      On yet another occasion, Defendant LEWALSKI asked a Caucasian coworker,

standing next to Plaintiff, TREDELL FEASTER how many years the worker had been on the

job, and, commenting that "You'll probably make it to 25 years but some won't." Plaintiff,

TREDELL FEASTER, interpreted this as an antagonistic statement, subtly veiled and

directed at him on account of his race and color.

33.      On November 9, 2016, Plaintiff, TREDELL FEASTER, filed an internal complaint

against Defendant LEWALSKI, complaining of Defendant LEWALSKI's discriminatory

actions, harassment, and intimidation of Plaintiff, TREDELL FEASTER. Shortly after filing

this complaint, in November 2016, Plaintiff, TREDELL FEASTER sought help from

superintendent/s and an African-American Deputy coworker, informing them that he was

being bullied by Defendants LEWALSKI, JOHNSON, and KEENAN. Plaintiff, TREDELL

FEASTER did not receive help relief from these work conditions.

34.     On or about December 8, 2016, Defendant TIMOTHY LEWALSKI verbally reprimanded Plaintiff, TREDELL FEASTER for keeping both "in-gates" open while inmates were being fed, something that other corrections officers were not reprimanded for.  During this period, Defendant LEWALKSI was Plaintiff, TREDELL FEASTER's direct supervisor.

35.     Again, on December 16, 2016, as part of the pattern of targeting Plaintiff, TREDELL FEASTER, mindful that he was on probation, Defendant LEWALSKI selectively enforced a rule against Plaintiff, TREDELL FEASTER, that had not been routinely enforced, to wit, the requirement of removing a particular inmate's shoes prior to entering the yard, whereas, Defendant LEWALSKI had not otherwise objected or singled out others whom did not remove one particular inmate's shoes when entering the yard. Defendant LEWALSKI was aware that this inmate had previously entered the yard without a boot-removal inspection, under his own watch, but nevertheless, pretextually elected to enforce the rule against Plaintiff, TREDELL FEASTER on this occasion. Defendant LEWALSKI complained through a memorandum to Defendant LIEUTENANT KEENAN of the incident, which resulted in Plaintiff, TREDELL FEASTER's termination.

36.     Upon information and belief, Defendant LEWALSKI issued Plaintiff, TREDELL FEASTER a complaint/disciplinary notice mindful of Plaintiff's probationary status, in order to cause or effect his termination.

37.     Defendant LEWALSKI later admitted, post-termination of Plaintiff, TREDELL FEASTER, that it was ultimately his decision to allow inmates, including the particular inmate, to walk to and enter the yard.

38.     As a result, subsequently, Plaintiff, TREDELL FEASTER was notified by DOCCS on December 19, 2016 by mail that he was terminated from his employment. The stated basis for termination was that on December 17, 2016, he failed to follow protocol by having an

inmate remove his boots after a hand wand metal detector went off in the area of his footwear, allowing the inmate to go into the recreational area.

39.     Following Plaintiff, TREDELL FEASTER's termination, upon information and belief, Defendants LEWALSKI and JOHNSON participated, directly and indirectly, in Plaintiff, TREDELL FEASTER's New York State Unemployment Insurance Appeal Board hearings in a manner calculated to deprive Plaintiff, TREDELL FEASTER of his unemployment benefits.  At the time of Plaintiff, TREDELL FEASTER's termination, Defendant LEWALSKI was Plaintiff's direct supervisor, and Defendant KEENAN acted as the Watch Commander during the period of time of termination, and Defendants LEWALSKI, JOHNSON, and KEENAN shared in their ill-intended designs against the Plaintiff, TREDELL FEASTER.

**AS AND FOR A FIRST CAUSE OF ACTION, AGAINST DEFENDANTS LEWALSKI, JOHNSON, AND KEENAN, UNLAWFUL RETALIATION UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. § 1983, THE PLAINTIFF ALLEGES AS FOLLOWS:**

40.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

41.     At all times, Defendants LEWALSKI, JOHNSON, and KEENAN were state actors, acting under color of state law, pursuant to 42 U.S.C. § 1983.

42.     As described above, DEFENDANTS LEWALSKI and JOHNSON willfully and intentionally subjected Plaintiff, TREDELL FEASTER to unlawful discrimination on account of his race and color for his reporting of and complaints about race and color discrimination.

43.     Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON provided the decisionmakers at DOCCS with misinformation calculated to result in Plaintiff, TREDELL FEASTER's termination from employment.

44.         Plaintiff's right to be free and secure in his person from unlawful retaliation by the

Defendants herein under Section 1983 was thereby violated.

45.         At all times relevant to this cause of action, Defendants LEWALSKI, KEENAN, and

JOHNSON were acting in their individual and/or official capacities, and at times acting

outside of their scope of employment with DOCCS.

46.         Plaintiff, TREDELL FEASTER has been materially damaged by Defendants'

discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health,

livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A SECOND CAUSE OF ACTION, AGAINST DEFENDANTS
LEWALSKI, JOHNSON, AND KEENAN, FOR UNLAWFUL RETALIATION UNDER
THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT,
ACTIONABLE UNDER 42 U.S.C. § 1981, THE PLAINTIFF ALLEGES AS FOLLOWS:**

47.         Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation

contained in the preceding paragraphs.

48.         At all times, Defendants LEWALSKI, JOHNSON, and KEENAN were state actors,

acting under color of state law.

49.         As described above, DEFENDANTS LEWALSKI, JOHNSON, and KEENAN

willfully and intentionally subjected Plaintiff, TREDELL FEASTER to unlawful

discrimination on account of his race and color for his reporting of and complaints about race

and color discrimination.

50.         Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants

LEWALSKI, KEENAN, and JOHNSON, and misusing their positions of authority, provided

the decisionmakers at DOCCS with misinformation calculated to result in Plaintiff,

TREDELL FEASTER's termination from employment.

51.         Plaintiff's right to be free and secure in his person from unlawful retaliation by the

Defendants herein under 42 U.S.C. Section 1981 was thereby violated.

52.      At all times relevant to this cause of action, Defendants LEWALSKI, KEENAN, and JOHNSON were acting in their individual and/or official capacities, and at times acting outside of their scope of employment with DOCCS.

53.      Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A THIRD CAUSE OF ACTION, AGAINST DEFENDANTS LEWALSKI, JOHNSON, AND KEENAN, HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. § 1981**

54.      Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

55.      At all times, Defendants LEWALSKI, JOHNSON, and KEENAN were state actors, acting under color of state law.

56.      As described above, DEFENDANTS LEWALSKI, JOHNSON, and KEENAN willfully and intentionally subjected Plaintiff, TREDELL FEASTER to discrimination on account of his race and color for his reporting of and complaints about race and color discrimination.

57.      Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON provided the decisionmakers at DOCCS with misinformation calculated to result in Plaintiff, TREDELL FEASTER's termination from employment.

58.      Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON subjected Plaintiff, TREDELL FEASTER to racial taunts, insinuations, and insults relative to his race and color.

59.     The workplace created by Defendants LEWALSKI, KEENAN, and JOHNSON was permeated with discriminatory intimidation that was sufficiently severe or pervasive such as to alter the conditions of Plaintiff, TREDELL FEASTER's employment.

60.     Plaintiff's right to be free and secure in his person from a hostile work environment under Section 1981 was thereby violated.

61.     At all times relevant to this cause of action, Defendants LEWALSKI, KEENAN, and JOHNSON were acting in their individual and/or official capacities, and at times acting outside of their scope of employment with DOCCS.

62.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A FOURTH CAUSE OF ACTION, AGAINST DEFENDANTS LEWALSKI, JOHNSON, AND KEENAN, HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. §1983**

63.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

64.     At all times, Defendants LEWALSKI, JOHNSON, and KEENAN were state actors, acting under color of state law.

65.     As described above, DEFENDANTS LEWALSKI, JOHNSON, and KEENAN willfully and intentionally subjected Plaintiff, TREDELL FEASTER to discrimination on account of his race and color for his reporting of and complaints about race and color discrimination.

66.     Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON provided the decisionmakers at DOCCS with

misinformation calculated to result in Plaintiff, TREDELL FEASTER's termination from employment.

67.      Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON subjected Plaintiff, TREDELL FEASTER to racial taunts, insinuations, and insults relative to his race and color.

68.      Plaintiff's right to be free and secure in his person from a hostile work environment under Section 1983 was thereby violated.

69.      At all times relevant to this cause of action, Defendants LEWALSKI, KEENAN, and JOHNSON were acting in their individual and/or official capacities, and at times acting outside of their scope of employment with DOCCS.

70.      Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A FIFTH CAUSE OF ACTION, AGAINST DEFENDANTS LEWALSKI, JOHNSON, AND KEENAN, CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS FOURTEENTH AMENDMENT RIGHTS TO EMPLOYMENT AND TO MAKE CONTRACTS, ACTIONABLE UNDER 42 U.S.C. §1985**

71.      Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

72.      At all times, Defendants LEWALSKI, JOHNSON, and KEENAN were state actors, acting under color of state law.

73.      As described above, DEFENDANTS LEWALSKI, JOHNSON, and KEENAN willfully and intentionally subjected Plaintiff, TREDELL FEASTER to discrimination on account of his race and color for his reporting of and complaints about race and color discrimination.

74.       Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON provided the decisionmakers at DOCCS with misinformation calculated to result in Plaintiff, TREDELL FEASTER's termination from employment.

75.       Motivated by racial animus against the Plaintiff, TREDELL FEASTER, Defendants LEWALSKI, KEENAN, and JOHNSON subjected Plaintiff, TREDELL FEASTER to racial taunts, insinuations, and insults relative to his race and color.

76.       Defendants LEWALSKI, KEENAN, and JOHNSON entered into an agreement motivated by racial animus for the purpose of depriving, either directly or indirectly, the Plaintiff, TREDELL FEASTER, an African American, of the privileges of his employment.

77.       At all times relevant to this cause of action, Defendants LEWALSKI, KEENAN, and JOHNSON were acting in their individual capacities, and at times acting outside of their scope of employment with DOCCS.

78.       Plaintiff has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A SIXTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, WRONGFUL TERMINATION UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. §1981**

79.        Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

80.       All Defendants at all times were acting under color of State law.

81.       As a result of the above conduct set forth in detail, upon information and belief, decisionmakers at DOCCS did act in all or in part upon the discrimination-based and

motivated information provided by its employees, Defendants LEWALSKI, JOHNSON, and KEENAN, in deciding to terminate Plaintiff, TREDELL FEASTER.

82.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A SEVENTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, WRONGFUL TERMINATION UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. § 1983**

83.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

84.     All Defendants at all times were acting under color of State law.

85.     As a result of the above conduct set forth in detail, upon information and belief, decisionmakers at DOCCS did act in all or in part upon the discrimination-based and motivated information provided by its employees, Defendants LEWALSKI, JOHNSON, and KEENAN, in deciding to terminate Plaintiff, TREDELL FEASTER.

86.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR AN EIGHTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. § 1981**

87.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

88.     As a result of the above conduct set forth in detail, upon information and belief, decisionmakers at DOCCS did act in all or in part upon the discrimination-based and

motivated information provided by its employees, Defendants LEWALSKI, JOHNSON, and KEENAN, in deciding to terminate Plaintiff, TREDELL FEASTER.

89.     In doing so, Plaintiff, TREDELL FEASTER suffered, by Defendants, continued exposure to severe or pervasive conditions of employment, creating an abusive working environment, including discriminatory intimidation, ridicule, and insult such as to effect the terms and conditions of his employment

90.     Plaintiff has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A NINTH CAUSE OF ACTION, AGAINST ALL DEFENDANTS, HOSTILE WORK ENVIRONMENT AND HARASSMENT UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, ACTIONABLE UNDER 42 U.S.C. § 1983**

91.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

92.     As a result of the above conduct set forth in detail, upon information and belief, decisionmakers at DOCCS did act in all or in part upon the discrimination-based and motivated information provided by its employees, Defendants LEWALSKI, JOHNSON, and KEENAN, in deciding to terminate Plaintiff, TREDELL FEASTER.

93.     In doing so, Plaintiff, TREDELL FEASTER suffered, by Defendants, continued exposure to severe or pervasive conditions of employment, creating an abusive working environment, including discriminatory intimidation, ridicule, and insult such as to effect the terms and conditions of his employment

94.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST DEFENDANT DOCCS, HOSTILE WORK ENVIRONMENT, ACTIONABLE UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1964, AS CODIFIED, 42 U.S.C. § 2000e et seq.

95.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

96.     This cause of action is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendant DOCCS' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race.

97.     Plaintiff, TREDELL FEASTER belonging to a protected class, as an African American, suffered severe and or pervasive harassment that altered the conditions of his employment in which was created an abusive working environment, subjecting him to ridicule and insult, as a result of, including, but not limited to, Defendant DOCCS' employees, Defendants LEWALSKI, KEENAN, and JOHNSON's conduct.

98.     Plaintiff, TREDELL FEASTER, was required to work in a racially hostile work environment where he had been embarrassed and ridiculed as set forth above by his supervisors, other agents, servants, and/or employees of Defendant DOCCS, and DOCCS employees and or decisionmakers were aware that Plaintiff was subjected to a racially hostile work environment. However, Defendant DOCCS failed to stop or prevent the discriminatory behavior from continuing.

99.     As a result of the above, Defendant DOCCS engaged in conduct creating a hostile work environment.

100.        Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT DOCCS, UNLAWFUL RETALIATION, ACTIONABLE UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1964, AS CODIFIED, 42 U.S.C. § 2000e et seq.

101.        Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

102.        This cause of action is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendant DOCCS' violation of Title VII's prohibition against unlawful retaliation, based, in whole or in part, upon an employee's race.

103.        As set forth above, Plaintiff, TREDELL FEASTER engaged in a protected activity, including but not limited to complaining about race discrimination and harassment. Defendant DOCCS, its employees, personnel, supervisors, agents and others were aware of the activity, as well as Defendants LEWALSKI, JOHNSON, and KEENAN, and Defendant DOCCS took an adverse action in retaliation, arising from and related to the protected activities engaged in by Plaintiff, TREDELL FEASTER.

104.        Plaintiff, TREDELL FEASTER, was required to work in a racially hostile work environment where he had been embarrassed by his supervisors, other agents, servants, and/or employees of Defendant DOCCS whom were aware that Plaintiff was subjected to a racially hostile work environment and retaliation.

105.        Defendant DOCCS engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions

and/or privileges of employment because of his opposition to the unlawful employment practices of the Defendants.

106.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendant DOCCS' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANT DOCCS, WRONGFUL TERMINATION, ACTIONABLE UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1964, AS CODIFIED, 42 U.S.C. § 2000e et seq.

107.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

108.     This cause of action is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff, TREDELL FEASTER complains of Defendant DOCCS' violation of Title VII's prohibition against wrongful termination from his employment based, in whole or in part, upon an employee's race.

109.     Plaintiff, TREDELL FEASTER, was, at all times relevant, a member of a protected class of persons, had satisfactorily performed his duties, and was subject to adverse employment actions, including termination, giving rise to the inference of discrimination on account of his race.

110.     Plaintiff, TREDELL FEASTER, was required to work in a racially hostile work environment where he had been embarrassed by his supervisors, other agents, servants, and/or employees of Defendant DOCCS whom were aware that Plaintiff was subjected to a racially hostile work environment and retaliation. However, Defendant DOCCS failed to stop or prevent the discriminatory behavior from continuing.

111.     Plaintiff, TREDELL FEASTER, was wrongfully terminated by Defendant DOCCS, acting upon the information of Defendants' LEWALKSI, JOHNSON, and KEENAN, against at least some of whom he had complained of the discriminatory behavior.

112.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT DOCCS, HARASSMENT, ACTIONABLE UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1964, AS CODIFIED, 42 U.S.C. § 2000e et seq.**

113.     Plaintiff, TREDELL FEASTER hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs.

114.     This cause of action is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendant DOCCS' violation of Title VII's prohibition against harassment in employment based, in whole or in part, upon an employee's race.

115.     As described above, Plaintiff, TREDELL FEASTER, was subjected to a workplace permeated with discriminatory intimidation, ridicule and insult, that was sufficiently severe or pervasive as to alter the conditions of his employment and create an abusive working environment, and said workplace of the Defendant DOCCS continued until Plaintiff, TREDELL FEASTER's wrongful termination.

116.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants' discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health, livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT DOCCS, DISCRIMINATION, ACTIONABLE UNDER TITLE VIII OF THE CIVIL RIGHTS ACT OF 1964, AS CODIFIED, 42 U.S.C. § 2000e et seq.**

117.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

118.     This cause of action is authorized and instituted pursuant to the provisions of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon

the unlawful employment practices of the above-named Defendants. Plaintiff complains of

Defendant DOCCS' violation of Title VII's prohibition against discrimination in

employment based, in whole or in part, upon an employee's race.

119.     Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §

2000e et seq., by discriminating against Plaintiff and treating him differently because of his

race.

120.     Plaintiff, TREDELL FEASTER has been materially damaged by Defendants'

discriminatory conduct, which has impacted Plaintiff's dignity, rights, reputation, health,

livelihood, and causing the Plaintiff extreme humiliation, shame, and anxiety.

WHEREFORE, PLAINTIFF prays for judgment as herein below set forth.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against the individual named Defendants in a sum according to proof;
4. For equitable relief, including but not limited to reinstatement;
5. For front and/or back pay;
6. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
7. For any and all statutory damages allowed by law;
8. For costs of suit herein incurred; and
9. For such other and further relief as this Court deems just and proper.

DATED: Buffalo, New York      **VANDETTE PENBERTHY LLP**
     March 11, 2020

               BY: _Vincent T. Parlato_
                 Vincent T. Parlato, Esq.
                 Attorneys for Plaintiff
                 227 Niagara Street
                Buffalo, New York 14201
                 (716) 803-8400
                vparlato@vanpenlaw.com