

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Tredell Feaster
20 Villa Moraine Dr.
Cheektowaga, NY 14225

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-01106 | Holly M. Woodyard, State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry,
District Director

August 23, 2017
*(Date Mailed)*

Enclosures(s)

cc: NYS, DEPT OF CORRECTIONS
Attn: Kimberly M. Carr,
Affimative Action Adminr 2
The Harriman State Campus, Bldg. 2
1220 Washington Ave.
Albany, NY 12226-2050

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

RECEIVED
JAN 17 2017

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

TREDELL FEASTER,

                                  Complainant,

v.

NEW YORK STATE, DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
                                  Respondent.

VERIFIED COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10185712**

Federal Charge No. 16GB701106

      I, Tredell Feaster, residing at 20 Villa Moraine Dr., Cheektowaga, NY, 14225, charge the above named respondent, whose address is The Harriman State Campus, Bldg. 2, 1220 Washington Ave., Albany, NY, 12226-2050 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color, opposed discrimination/retaliation.

      Date most recent or continuing discrimination took place is 12/17/2016.

      The allegations are:

      1.    I am African American and made prior internal complaints of discrimination. Because of this, I have been subject to unlawful discriminatory actions.

      2.    On or about 08/01/2005, I was hired by the respondent and last held the position of Corrections Officer at Wende Correctional Facility in Alden NY. I last worked the 7:00AM – 3:00 PM shift.

      3.    Sergeant Timothy Lewalski (Caucasian) harassed me and targeted me for termination from the time I returned to his shift, in or around October 2016, until the end of my employment because of my race/color and to retaliate against me for having made prior internal complaints of discrimination. I had previously made internal discrimination complaints against Sergeant Lewalski's friend, Sergeant Johnson (Caucasian) which resulted in me being placed on a two-year probation beginning around August 2015. Sergeant Johnson stopped harassing me but Sergeant Lewalski began.

      4.    For example, Lewalski would ask a Caucasian co-worker standing next to me how many years he had on the job. After the co-worker answered, Lewalski would state, "You'll probably make it to 25 years but some won't." I believe he was referring to me when he said, "some won't" and that he made these statements in order to bully and intimidate me as a means of retaliating against me and because of my race. I complained to my superiors on more than one

occasion that Lewalski was bullying me. I took this action because the respondent had enclosed a document with paychecks which read, "Bullying will not be tolerated". However, when I reported bullying, my superiors laughed at me and said, how can you be bullied, big as you are". And took no corrective action.

5.   On or about 10/28/2016, several Corrections Officers and I were joking with each other, accusing each other of not working, among other things. The others were all Caucasian except C.O. Jacobs, who was African American. Lewalski singled me out, saying to me, "Why don't you learn how to work?" Everyone immediately stopped talking. Lewalski then walked me up front and threatened my employment, saying to me, "Aren't you on probation". I answered that I was and he replied, "Well if you're not scared you ought to be, If I were you, I would be." He kept me two hours and as Lewalski and I were walking up the hallway, C.O. Sota walked up to us and said that he apologized. He said they all had been joking around and "didn't know things were going left". However, Lewalski said to Sota, "This has nothing to do with you". I made a complaint about this incident alleging race discrimination upon the advice of an African American deputy.

6.   On or about 12/08/2016, Lewalski verbally reprimanded me for something others were not reprimanded for doing, having both "in-gates" open while inmates were being fed. The next day, Caucasian C.O. Kowal also had both "in-gates" open while he was talking and joking with Lewalski and Lewalski did not reprimand Kowal.

7.   On 12/16/2016, Lewalski yelled at me and told me to come up front with him after I had frisked an inmate and allowed him to go into the yard although his shoes had caused the alarm to sound while I was frisking him. I asked Lewalski why he was yelling at me because other guards habitually also allowed this inmate into the yard without making him take his shoes off. Lewalski directed me to come up front with him.

8.   The next day, 12/17/2016, the respondent issued me a disciplinary action because of this incident and terminated my employment. I believe the respondent singled me out to discipline for this practice because they know that the discipline would be grounds for dismissal since I was on a two-year probation. I believe the respondent subjected me to disparate treatment and termination of employment because of my race/color and to retaliate against me for making prior internal complaints of discrimination.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this verified complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

I have not commenced any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

_____
Tredell Feaster

STATE OF NEW YORK  )
                                            ) SS:
COUNTY OF                      )

Tredell Feaster, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had read to him or her) the foregoing complaint and knows the content thereof; that the same is true of his/her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
Tredell Feaster

Subscribed and sworn to
before me this 17 day
of January, 2017

_____
Signature of Notary Public

BEVERLY A. FRESCHOLTZ
Notary Public, State of New York
No. 01FR6187237
Qualified in Erie County
My Commission Expires May 19, 2018

- 3 -



## Division of Human Rights

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

TREDELL FEASTER,
                           Complainant,

v.

NEW YORK STATE, DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
                           Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10185712

Federal Charge No. 16GB701106

       On 1/17/2017, Tredell Feaster filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

       After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

The investigation did not reveal sufficient evidence to support a reasonable belief that complainant was treated in a disparate manner or terminated, because of his race/color or in retaliation for filing an internal discrimination complaint.

A review of the record shows that complainant was terminated on 12/19/16 for insubordination after a series of progressive disciplinary actions for disobeying superior orders. The record shows that complainant had been issued 2, consecutive 2-year Disciplinary Evaluation Programs (i.e., last chance probationary periods) for infractions against different supervisors at different times; the first to conclude 8/17 and the second to end in 8/19. In both situations, complainant was aware that any further infractions could result in immediate termination.

A review of the record shows that complainant filed an internal discrimination complaint on 11/09/16; respondent was still investigating that matter when complainant filed the instant charge on 1/17/17. There record does not show that there were any other internal complaints filed prior to that date.

The record shows that African Americans make up 25% of the workforce at this location. The record also reflects that of 14 security employees disciplined between January and December 2016 at this facility, 9 are Caucasian and 5 are Black. At least one Caucasian was disciplined with an 18-month suspension and 12-months of probationary period or Disciplinary Evaluation Program for failing to conduct a proper search and making a false report about the proper search. There is no indication that this Caucasian employee was serving a prior disciplinary probationary period at the time of the suspension, as complainant was.

The evidence does not support a reasonable conclusion that complainant was subjected to unlawful discriminatory actions based on his race/color or in retaliation.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: 7-13-17
Buffalo, New York

STATE DIVISION OF HUMAN RIGHTS

By: _Debbie S. Kent_
Debbie S. Kent
Regional Director