UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TREDELL FEASTER,

                        Plaintiff,

            v.

NYS DEPARTMENT OF CORRECTIONS,
 Wende Corrections,
SERGEANT TIMOTHY LEWALSKI,
SERGEANT JAMES K. JOHNSON, and
LIEUTENANT JEFFREY KEENAN,

                        Defendants.

DECISION
and
ORDER

17-CV-1151V(F)

_____

APPEARANCES:        VANDETTE PENBERTHY LLP
                            Attorneys for Plaintiff
                            VINCENT THOMAS PARLATO, of Counsel
                            227 Niagara Street
                            Buffalo, New York  14201

                            LETITIA A. JAMES
                            ATTORNEY GENERAL, STATE OF NEW YORK
                            Attorney for Defendants
                            JOEL J. TERRAGNOLI
                            Assistant Attorney General, of Counsel
                            Main Place Tower
                            Suite 300A
                            350 Main Street
                            Buffalo, New York  14202

       In this Title VII and § 1983 action alleging employment discrimination, retaliation, and hostile work environment based on race, by order filed November 25, 2019 (Dkt. 10), Vincent T. Parlato, Esq., was assigned as Plaintiff's counsel based on Plaintiff's *in forma pauperis* ("IFP") status.  Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) was filed May 11, 2020 (Dkt. 35).  A suggestion of Plaintiff's death on September 18, 2020, was filed by Mr. Parlato on December 23, 2020 (Dkt. 45-1)

("suggestion of death"), together with Mr. Parlato's motion to withdraw also filed on December 23, 2020 (Dkt. 45). On January 7, 2021, Mr. Parlato moved to withdraw as Plaintff's attorney (Dkt. 45) ("motion to withdraw"). Oral argument on Mr. Parlato's motion to withdraw, scheduled for February 9, 2021 (Dkt. 46) was canceled to afford Mr. Parlato an opportunity to identify a possible substitute for Plaintiff. Plaintiff's widow, Laqueshia Feaster ("Ms. Feaster"), by papers filed March 22, 2021, moves for substitution as Plaintiff pursuant to Fed. R. Civ. P. 25(a)(1) ("Rule 25(a)(1)" or "the Rule") (Dkt. 48), based on Ms. Feaster's status as Plaintiff's widow. ("motion to substitute"). Alternatively, Ms. Feaster moves to extend the 90-day period provided by the Rule in order to facilitate an application to Erie County Surrogate's Court for Ms. Feaster's letters of administration if required.

      The motion to substitute is supported by an affidavit of Ms. Feaster averring she was married to Plaintiff on August 13, 2016 (Dkt. 48-3 ¶ 4), attaching a copy of their marriage certificate. (Dkt. 48-4). In her affidavit, Ms. Feaster also states that although Plaintiff participated in a pension plan with a value of $ 150,000, Plaintiff, at the date of his death, had not received benefits from such pension and was then unemployed but owned a 1990 automobile. (Dkt. 48-3 ¶¶ 11-13). As a result, Ms. Feaster was required to pay for Plaintiff's funeral and costs of transporting his body to Buffalo from South Carolina where Plaintiff had expired. (Dkt. 48-3 ¶ 14). Ms. Feaster believes Plaintiff died intestate and avers she is prepared to serve as Plaintiff's successor in this action. (Dkt. 48-3 ¶¶ 15-16).

Defendants' memorandum of law in opposition to the motion to substitute was filed March 30, 2021 (Dkt. 50) ("Defendants' Opposition").  Oral argument was deemed unnecessary.

For Defendants' Opposition, Defendants do not dispute that Plaintiff's action survives Plaintiff's death, the motion to substitute is timely under Rule 25(a)(1), and Ms. Feaster is Plaintiff's widow; rather, Defendants contend that Ms. Feaster is not a distributee of Plaintiff's estate given that Plaintiff's pension has not been distributed, it is necessary that Ms. Feaster be granted letters of administration and, accordingly, Plaintiff's motion is premature.  Defendants therefore do not oppose Plaintiff's alternative request to extend the 90-day period to allow Ms. Feaster to obtain such appointment.  The court, however, does not reach these arguments because the suggestion of death is invalid.

In particular, as relevant, Rule 25(a) provides that following the death of a party, "[a] motion for substitution may be made by any party or by the decedent's successor or representative."  Fed.R.Civ.P. 25(a)(1).  "The suggestion of death filing, however, is not effective if made by counsel for the party who has died." *International Cablevision, Inc., v. Sykes*, 172 F.R.D. 63, 66 (W.D.N.Y. 1997) (citing *Al-Jundi v. Estate of Rockefeller*, 757 F.Supp. 206, 210 (W.D.NY. 1990) ("Death withdrew from the attorney every iota of authorization he had to act for or in [his client's][1] behalf."), and *Smith v. Planas*, 151 F.R.D. 547, 549-50 (S.D.N.Y. 1993)).  In *Al-Jundi*, the court specifically stated that the deceased party's attorney was "no longer [decedent's] attorney because [the decedent's] death cut the umbilical cord." *Al-Jundi*, 757 F.Supp. at 210.  Similarly, here,

---

[1] Unless otherwise indicated, bracketed material has been added.

upon Plaintiff's death, Mr. Parlato was no longer Plaintiff's assigned counsel such that the suggestion of death made by Mr. Parlato is ineffective.

The failure to properly file and serve a valid suggestion of death, however, does not prevent Ms. Feaster from moving to be substituted for her husband as Plaintiff.  *See Rea v. Mutual of Omaha Insurance Co.*, 2018 WL 3126749, at * 2 (W.D.N.Y. June 26, 2018) (citing Advisory Committee Notes to Rule 25 – 1963 Amendment ("A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death.")).  In fact, the motion to substitute is an attempt by Ms. Feaster to so move.  Further, under applicable New York law, a surviving spouse is a distributee of a deceased party.  *See* N.Y. Est. Powers & Trusts Law § 4-1.1(a)(1) (McKinney's 2019).  In construing Rule 25(a)(1), courts have held that as a distributee, a surviving spouse like Ms. Feaster qualifies for substitution of a deceased party pursuant to Rule 25(a)(1) where there are no potential estate assets to be distributed.  *See Garcia v. City of New York*, 2009 WL 261365, at * 1 (E.D.N.Y. Feb. 4, 2009) (distributee qualifies as a successor party under the Rule where no distribution will occur given the absence of property requiring distribution under New York law).  *Cf.*, *Pryn v. Comm'r of Soc. Sec.*, 2020 WL 410055, at ** 1-2 (W.D.N.Y. Jan. 24, 2020) (denying Rule 25(a)(1) motion to substitute surviving spouse without prejudice where movant failed to show deceased party was distributee at date of death).  Here, although Defendants point to the existence of a putative pension and Plaintiff's 1990 used car as evidence that Plaintiff's estate requires distribution and thus issuance of letters of administration to Ms. Feaster as a prerequisite to Ms. Feaster's qualification for appointment as a successor plaintiff in this case under the Rule, a pension, like

4

insurance, passes outside a beneficiary's estate, *see* N.Y. Est. Powers & Trusts Law § 13-3.2 (McKinney's 1992) (providing a decedent's pension plan assets are nonprobate assets that do not pass under a will or in intestacy, but by beneficiary designation), and the existence of a vehicle valued at less than $ 25,000 such as Plaintiff's 1990 used vehicle (unless it was in pristine condition which is unlikely), as described by Ms. Feaster, is exempt from a decedent's estate and does not require Ms. Feaster to be burdened with the expense and need to obtain letters of administration in order to serve as Plaintiff's successor in this action.  *See* N.Y. Est. Powers & Trusts Law § 5-3.1(a)(5) (McKinney's 2011) (providing that one motor vehicle not exceeding in value twenty-five thousand dollars is exempt from a decedent's estate for the benefit of the family, and authorizing the vehicle's transfer to the surviving spouse or children); moreover, Defendant does not assert the vehicle has a value in excess of $ 25,000.  Nevertheless, because the motion to substitute was filed by Mr. Parlato, who upon Plaintiff's death was no longer with authority to act upon Plaintiffs' behalf, and in the absence of any indication that Ms. Feaster has retained Mr. Parlato to represent her in this matter and filed an appearance in such capacity, the motion to substitute is not properly filed.  Accordingly, the motion to substitute is DENIED without prejudice and with leave for Ms. Feaster either to file such motion *pro se*, or through retained counsel.

  Further, given that Mr. Parlato's representation of Plaintiff ceased with Plaintiff's death, the motion to withdraw is unnecessary and is DISMISSED as moot.

**CONCLUSION**

Based on the foregoing, the motion to substitute (Dkt. 48), is DENIED without prejudice; the motion to withdraw (Dkt. 45) is DISMISSED as moot.  The Clerk of the Court shall serve a copy of this Decision and Order on Ms. Feaster by First Class Mail at 23 Hubbell Park, Rochester, New York  14608.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	April 14th, 2021
	Buffalo, New York