UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TREDELL FEASTER,

        Plaintiff,

    v.                                     17-CV-1151-LJV-LGF
                                             ORDER
NYS DEPARTMENT OF
CORRECTIONS, Wende Corrections, *et
al.*,

        Defendants.
_____

        On November 8, 2017, the plaintiff, Tredell Feaster, filed a complaint raising claims against the NYS Department of Corrections, Wende Corrections, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under New York State law. Docket Item 1. On November 12, 2019, the Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Judge Foschio granted Mr. Feaster's motion to appoint counsel on November 25, 2019, appointing Vincent T. Parlato to represent Mr. Feaster in this case. Docket Item 10. On March 11, 2020, Mr. Feaster amended his complaint to assert claims against the New York State Department of Corrections and Community Supervision and three individual defendants under 42 U.S.C. §§ 1981, 1983, and 1985, as well as Title VII. Docket Item 24.

        On December 23, 2020, Mr. Parlato filed a suggestion of death indicating that Mr. Feaster had died on September 18, 2020. Docket Item 44. On March 22, 2021, Mr. Feaster's widow, Laqueshia Feaster, moved for substitution as the plaintiff under

Federal Rule of Civil Procedure 25(a)(1).  Docket Item 48.  The defendants filed their opposition to Ms. Feaster's motion on March 30, 2021.  Docket Item 50.  On April 14, 2021, Judge Foschio denied Ms. Feaster's motion without prejudice, finding that the suggestion of death filed on December 23, 2020, was invalid because Mr. Parlato's representation of Mr. Feaster ended upon Mr. Feaster's death.  *See* Docket Item 51.

On May 2, 2021, the defendants filed a second suggestion of Mr. Feaster's death on the record.  Docket Item 52.  On August 9, 2021, Judge Foschio issued a Report and Recommendation finding that this case be dismissed because more than 90 days had elapsed since the second suggestion of death was filed on May 2, 2021, and no motion was filed to substitute a party on behalf of the plaintiff.  *See* Docket Item 53; *see also* Fed. R. Civ. P. 25(a)(1) ("If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

There is no indication in the record, however, that Ms. Feaster was ever served with the suggestion of death filed on May 2, 2021.  Although the Second Circuit apparently has not addressed the issue, other circuits have found that "nonparties with a significant financial interest in the case"—including, potentially, nonparties like Ms. Feaster here—"should certainly be served" with a suggestion of death.  *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008).  And that seems especially appropriate—and only fair—in a situation like this where a deceased plaintiff's spouse already has shown an interest in continuing the lawsuit after her husband's death.

In a recent case where a defendant died, the Second Circuit held that the 90-day substitution period under Rule 25(a)(1) begins when "a plaintiff is properly served a

statement of death for a defendant" regardless of whether the notice of death was served on the deceased defendant's nonparty representative. *See Kotler v. Jubert*, 986 F.3d 147, 153-56 (2d Cir. 2021). But the Court did not address whether a defendant must serve a suggestion of the plaintiff's death on the deceased plaintiff's nonparty representative (or another interested nonparty), and it explicitly did not reach the issue presented here. *See id.* at 154 (noting that "[w]e have no occasion to opine on the validity of" *Atkins* and similar cases).

The defendants do not appear to dispute that Mr. Feaster's action survives his death. *See* Docket Item 51. Ms. Feaster therefore may have a "significant financial interest" in this case, and she has indicated that she wants to pursue it. Accordingly, the defendants shall demonstrate to the Court's satisfaction that service of the May 2, 2021 suggestion of death was either effected on Ms. Feaster or was not required.

## ORDER

For the reasons stated above, IT IS HEREBY ORDERED that the defendants shall show cause **within 30 days of the date of this order** why the May 2, 2021 suggestion of death is not invalid for lack of service.

SO ORDERED.

Dated: September 21, 2021
Buffalo, New York

                                        */s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE