UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TREDELL FEASTER,

         Plaintiff,

     v.                                 17-CV-1151-LJV-LGF
                                                   DECISION & ORDER
NYS DEPARTMENT OF
CORRECTIONS, *Wende Corrections*, et
al.,

         Defendants.
_____

        On November 8, 2017, the plaintiff, Tredell Feaster, filed a complaint raising claims against the NYS Department of Corrections, Wende Corrections, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York state law. Docket Item 1. On November 12, 2019, the Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 8. Judge Foschio granted Mr. Feaster's motion to appoint counsel on November 25, 2019, appointing Vincent T. Parlato to represent Mr. Feaster. Docket Item 10. On March 11, 2020, Mr. Feaster amended his complaint to assert claims against the New York State Department of Corrections and Community Supervision and three individual defendants under 42 U.S.C. §§ 1981, 1983, and 1985, as well as Title VII. Docket Item 24.

        On December 23, 2020, Mr. Parlato filed a suggestion of death indicating that Mr. Feaster had died on September 18, 2020. Docket Item 44. On March 22, 2021, Mr. Feaster's widow, Laqueshia Feaster, moved for substitution as the plaintiff under

Federal Rule of Civil Procedure 25(a)(1).  Docket Item 48.  The defendants filed their opposition to Ms. Feaster's motion on March 30, 2021.  Docket Item 50.  On April 14, 2021, Judge Foschio denied Ms. Feaster's motion without prejudice, finding that the suggestion of death filed on December 23, 2020, was invalid because Mr. Parlato's representation of Mr. Feaster ended upon Mr. Feaster's death.  See Docket Item 51.

On May 2, 2021, the defendants filed a second suggestion of Mr. Feaster's death on the record.  Docket Item 52.  On August 9, 2021, Judge Foschio issued a Report and Recommendation ("R&R") recommending that this case be dismissed because more than 90 days had elapsed since the second suggestion of death was filed and no motion was filed to substitute a party on behalf of Mr. Feaster.  See Docket Item 53.  A copy of the R&R was mailed to Ms. Feaster.  See id. at 6.

No party filed an objection to the R&R by the required deadline.  But because this Court questioned whether the second suggestion of death had been adequately served on Ms. Feaster, it deferred consideration of the R&R and instead ordered the defendants to demonstrate either that service was effected on Ms. Feaster or that it was not required.[1]  See Docket Item 54.  The defendants filed a third suggestion of death on the record on September 21, 2021, and responded to this Court's order on October 4, 2021.  See Docket Items 55, 56.  No party has moved to substitute and nothing has been filed in this case since then.

---

[1] This Court also mailed a copy of that order to Ms. Feaster.  See Docket Item 54.  Because that order quoted the rule requiring the case to be dismissed if a motion for substitution "is not made within 90 days after service of a statement noting the death," Ms. Feaster was on notice that she had 90 days to be substituted, and attorney Parlato had notice of that as well.  See id. at 2.

2

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Because 90 days now have elapsed since the third suggestion of death was served on Ms. Feaster, this Court accepts and adopts Judge Foschio's recommendation that this case should be dismissed under Rule 25(a)(1).

## **DISCUSSION**

Under Rule 25(a)(1), an action "must be dismissed" if a motion to substitute "is not made within 90 days after service of a statement noting the death [of a party]." Fed. R. Civ. P. 25(a)(1). As set forth in this Court's previous order, the issue of exactly who must be served with a suggestion of death is somewhat unsettled. *See* Docket Item 54. But this Court concluded that Ms. Feaster, as a "nonpart[y] with a significant financial interest in the case," likely should be served with a suggestion of death. *See id.* at 2 (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)). As this Court noted, that seems only fair where a deceased plaintiff's spouse has shown an interest in continuing the lawsuit after her husband's death. *Id.*

The second suggestion of death, however, was not adequately served on Ms. Feaster. The defendants maintain that service was effected "by virtue of the electronic service of that filing on Mr. Parlato," who the defendants believed was authorized to

3

accept service as Ms. Feaster's attorney. *See* Docket Item 56 at ¶ 8. But Judge Foschio had previously concluded that there was no "indication that Ms. Feaster ha[d] retained Mr. Parlato to represent her in this matter." Docket Item 51 at 5. So considering only the prior proceedings in this case, the defendants had reason to think that service was not effected through electronic service alone.

In any event, the third suggestion of death was adequately served on Ms. Feaster. Under Rule 25(a), a suggestion of death must be served on nonparties "as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). The defendants served the third suggestion of death on Ms. Feaster by attempting to serve Ms. Feaster personally before affixing a copy of the suggestion of death to her door and mailing it—so-called "nail-and-mail" service under New York state law. *See* Fed. R. Civ. P. 4(e)(1) (service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located").

New York law permits "nail-and-mail" service of a summons when personal service or service on a person of suitable age and discretion cannot be effected through due diligence. *See* N.Y. C.P.L.R. 308(4). "To determine whether due diligence has been exercised prior to engaging in 'nail-and-mail' service, New York courts have not prescribed a rigid rule, but consider the general quality of efforts made to effect in-person service." *MJC Supply, LLC v. Powis*, 2019 WL 1429625, at *4 (E.D.N.Y. Mar. 29, 2019). "Nonetheless, a rough standard of due diligence has emerged from the caselaw," including "approximately three attempts at service, optimally on non-consecutive days." *Weifang Xinli Plastics Prods. v. JBM Trading Inc.*, 2014 WL 4244258, at *3 (E.D.N.Y. Aug. 26, 2014) (collecting cases).

4

Here, the defendants attempted to serve Ms. Feaster four times over the course of one week, with two attempts falling outside normal business hours.[2]  *See* Docket Item 56-1 at 2 (recounting "attempts to personally contact Laqueshia Foster . . . at 12:30 pm on September 27, 2021, at 12:40 pm on September 28, 2021, at 6:40 pm on September 29, 2021[,] and at 7:10 am on October 1, 2021").  The defendants turned to nail-and-mail service only after those efforts proved unsuccessful.  *See id.*  The Second Circuit has found similar attempts to effect service to be enough to satisfy the due diligence requirement of N.Y. C.P.L.R. 308(4).  *See Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) (three attempts at personal service on weekdays with two outside business hours sufficient to turn to nail-and-mail service); *see also Mister Softee, Inc. v. Diaz*, 2020 WL 5665240, at *3 (E.D.N.Y. July 2, 2020) (same), *report and recommendation adopted*, 2020 WL 5658722 (E.D.N.Y. Sept. 22, 2020).[3]

Because the defendants' use of nail-and-mail service was acceptable, service was made when the defendants affixed the suggestion of death to Ms. Feaster's door and mailed it to her.  *See Beller & Keller v. Tyler*, 120 F.3d 21, 26 (2d Cir. 1997).  So the time for Ms. Feaster to move to substitute has expired and the case must be dismissed.  *See* Fed. R. Civ. P. 25(a)(1) ("If the motion [to substitute] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must

---

[2] The defendants also left a business card in Ms. Feaster's mailbox but received no response.  Docket Item 56-1 at 2.

[3] The plaintiff in *Gardner* also confirmed the defendant's address with her neighbor, *see Gardner*, 737 F. App'x at 598; here, Ms. Feaster previously had submitted an affidavit attesting to where she lived, *see* Docket Item 48-3.

5

be dismissed."). This Court therefore accepts and adopts Judge Foschio's recommendation that this case should be dismissed.[4]

## **CONCLUSION**

For the reasons stated above and in the R&R, Docket Item 53, the case is DISMISSED without prejudice. The pending motions to dismiss, Docket Items 31 and 35, to substitute a defendant, Docket Item 41, and for service by the United States Marshals Service, Docket Item 42, therefore are DISMISSED as moot. The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962). The plaintiff must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

---

[4] As explained above, however, this Court modifies Judge Foschio's conclusion in that the third suggestion of death, not the second, started the clock to submit a motion to substitute under Rule 25(a)(1).

SO ORDERED.

Dated:	January 25, 2022
	Buffalo, New York

					*/s/ Lawrence J. Vilardo*
					LAWRENCE J. VILARDO
					UNITED STATES DISTRICT JUDGE